UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO BOLANOS-CERVANTES,<br><br>Defendant. | Case No.:  20cr1839 WQH<br><br>**ORDER** |
|---|---|

HAYES, Judge,

The matter before the Court is the motion to revoke detention order and set bond (ECF No. 28) filed by Defendant.

**FACTS**

On May 22, 2020, Defendant was arrested at the Otay Mesa Port of Entry seeking to enter the United States through the pedestrian primary lanes.

On June 12, 2020, Defendant was brought before a United States Magistrate Judge for an initial appearance. Defendant was appointed counsel. Plaintiff United States moved for an order of detention based upon risk of flight. The Magistrate Judge set a detention hearing for June 16, 2020.

On June 16, 2020, the Magistrate Judge entered an order of detention concluding that the government proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required.

The Magistrate Judge found that Defendant's prior serious criminal history, lack of legal status, and prior escape charge supported detention prior to trial pursuant to 18 U.S.C. § 3142.

On July 7, 2020, Defendant was charged by information with attempted reentry of a removed alien in violation of 8 U.S.C. § 1326 (a) and (b), a felony.

On July 8, 2020, Defendant filed a motion for bond modification/reconsideration.

On July 10, 2020, the Magistrate Judge denied reconsideration of the finding that no condition or combination of conditions will reasonable assure the appearance of the Defendant.

On July 13, 2020, Defendant filed an appeal of the order of detention. Defendant asserts that a $25,000 personal appearance bond secured by the signature of Defendant's sister will assure his future appearance. Defendant asserts that the bond secured by his sister is sufficient in light of the COVID-19 outbreak, his ethnicity, and his medical condition. Plaintiff United States asserts that the facts and circumstances of this case support the order of detention.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where "after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(e). The evidence in the record must establish the risk of flight by a preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant, including the nature and

circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. *Motamedi,* 767 F.2d at 1407. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). While "[a]lienage may be taken into account" when determining flight risk under the Bail Reform Act, "it is not dispositive." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019). The Court is required to make an "individualized determination" under the Bail Reform Act. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

## RULING OF THE COURT

Defendant is charged with the felony offense of attempted reentry of removed alien in violation of 18 U.S.C. §1326(a) and (b) which carries a statutory maximum sentence of twenty years in custody. The severity of potential punishment favors detention. The weight of the evidence is substantial but the least important factor. Defendant has limited ties to the United States and a strong motive to flee to avoid a substantial sentence.

The Magistrate Judge properly conducted a detention hearing pursuant to 18 U.S.C. § 3142(f) and considered each of the factors set forth in Section 3142(g). After de novo review, the Court concludes that the facts in the record demonstrate that there is no condition or combination of conditions that will reasonably assure Defendant's appearance as required. Defendant's prior serious criminal history, lack of legal status, and prior escape charge support detention prior to trial pursuant to 18 U.S.C. § 3142. The Bureau of Prisons has taken measures to mitigate the risks of transmission of the coronavirus. No facts in this record support a finding that the conditions of his current detention require his release at this time.

IT IS HEREBY ORDERED that the motion to revoke detention order and set bond (ECF No. 28) is denied.

Dated: July 27, 2020

*[signature]*
Hon. William Q. Hayes
United States District Court